New York General Sessions. June, 1860. *A. D. Russel,* City Judge, presiding.

## The People *v.* Charles Van Keuren, impleaded with Franklin Walters.

Form of a plea of *autrefois acquit.*

Where a defendant had had in his possession, at the same time, several counterfeit bank notes purporting to have been issued by different banks, and had been tried for having had one of such counterfeit notes in his possession with intent to utter it, and had been acquitted, such acquittal was held to be a bar to a conviction, on a subsequent trial, on another indictment, for having had the others of such counterfeit bank notes in his possession with intent to utter them.

On a plea of *autrefois acquit,* interposed in such a case, to which the district attorney demurred, judgment was given, on the demurrer, for the defendant.

The People *v.* Van Keuren.

On the seventeenth day of May, 1860, the defendant, Van Keuren, was tried in the New York General Sessions, on an indictment, charging him, in conjunction with one Walters, with having in his possession, in the city of New York, with intent to pass, a one dollar bill of the bank of Norfolk, Connecticut. On the trial, it appeared that, on Sunday, the 25th of March, 1860, Van Keuren, in company with Walters, entered a lager bier saloon, kept by one George Zuckschwerdt, at No. 305 Stanton street, in said city ; that Walters called for drinks, of which both partook, and paid for them with a counterfeit one dollar bank bill, Walters receiving the change. Walters and Van Keuren then left. Mr. Zuckschwerdt immediately discovered that the bill was bad, and called a policeman who pursued Walters and Van Keuren, and arrested them. Van Keuren took from his pocket a large number of counterfeit bank bills, and was in the act of throwing them away, when the policeman wrested them from his hand. The bill set forth in the indictment was one of these. This was shown to be counterfeit, and given in evidence. The other bills were also proved to be counterfeit, and introduced in evidence for the purpose of proving guilty knowledge. The defendant, Van Keuren, however, was acquitted. He had been indicted, also, with Walters in other indictments, upon several of the other counterfeit bills. After his acquittal, the district attorney moved the trial of one of the other indictments. Defendants' counsel thereupon interposed the following plea of former acquittal.

NEW YORK GENERAL SESSIONS.

Charles Van Keuren, impleaded with
Franklin Walters,
*ads.*
The People.

And the said Charles Van Keuren, in his own proper person, cometh into court here, and having heard the said indictment read, by leave of the court, saith, that the said People of the State of New York, ought not further to prosecute the said indictment against him, the said Charles Van Keuren

because he saith, that he, the said Charles Van Keuren, by the name and description of Charles Van Keuren, heretofore, to wit: At a Court of General Sessions of the Peace, in and for the city and county of New York, holden at the City Hall, in and for the city and county of New York, of the term of April, to wit: on the 27th day of April, 1860, it was by the jurors of the People of the State of New York, in and for the body of the city and county of New York, upon their oaths presented, "That Charles Van Keüren, late of the first ward of the city of New York, in the county of New York, aforesaid, and Franklin Walters, late of the same place, on the 25th day of March, in the year of our Lord one thousand eight hundred and sixty, · with force and arms, at the ward, city and county aforesaid, feloniously had in their possession a certain forged and counterfeited negotiable promissory note, for the payment of money, commonly called a bank note, purporting to have been issued by a certain corporation or company, called the Norfolk Bank, duly authorized for that purpose, by the laws of the State of Connecticut, which said last mentioned forged and counterfeited negotiable promissory note, for the payment of money, is as follows, that is to say:

| "One. | No. 7530. | A. I. |
|---|---|---|
| | THE NORFOLK BANK, | |
| | | CONNECTICUT. |
| | *Will pay one dollar to the Bearer, on demand.* | |
| | | NORFOLK, *June 25th,* 1858. |
| J. A. FLEMING, | | E. T. BUTLER, |
| One. *Cash.* | | *Pres't."* |

With intention to utter and pass the same as true, and to permit, cause and procure the same to be so uttered and passed with the intent to injure and defraud divers persons to the jurors aforesaid unknown, they, the said Charles Van Keu-

ren and Franklin Walters, then and there well knowing the said last mentioned forged and counterfeited promissory note, for the payment of money, to be forged and counterfeited as aforesaid, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity. Nelson J. Waterbury, district attorney." Which said last mentioned indictment is indorsed, " a true bill," and signed by Fulton Cutting, as foreman, and by Nelson J. Waterbury, as district attorney; and the said Charles Van Keuren, in his own proper person, further saith, that at a Court of General Sessions of the peace, in and for the city and county of New York, holden at the City Hall, in and for the city and county of New York, of the term of May, to wit: on the 17th day of May, 1860, before the Hon. A. D. Russell, city judge, he, the said Charles Van Keuren, was charged in the above last recited indictment for forgery, and his plea to the same being demanded, he, the said Charles Van Keuren, pleaded thereto " not guilty," and, on motion of Nelson J. Waterbury, Esq., district attorney for the city and county of New York, the said court ordered on the trial of the said Charles Van Keuren on said indictment for forgery.

Whereupon, the sheriff having returned a panel, the following persons appeared and were sworn, viz.: Charles B. Hayes, Nicholas N. Romain, Edwin R. Beach, Meyer L. Christeler, Henry G. Selick, Wilson Mettler, John H. Nichols, James Weir, James H. Crawford, William H. Bluhdom, Patrick M. Fallen, Charles Johnson. After hearing the testimony and a charge from the court, the jury retired to consider of their verdict, with Bartholemew Ward, the officer sworn to attend them, and after some time the said jury returned into court, and said they had agreed on the verdict, and by Charles B. Hayes, their foreman, said they found the said Van Keuren not guilty, in manner and form as he stood charged, and so said they all, as by the record thereof, more fully and at large appears; which said judgment still remains in full force and effect, and not in the least reversed or made void. And the

said Charles Van Keuren, in fact, saith that the' said Charles Van Keuren so indicted and acquitted as aforesaid; and he, the said Charles Van Keuren, who is charged in the present indictment first above mentioned and set forth, are one and the same person, and not other and different persons, and that the said offense of forgery, in the said former indictment mentioned last above set forth, and the said offense of forgery in this present indictment first above mentioned, are one and the same offense of forgery, and not divers and different offenses of forgeries; and that the said bank note, in the said former indictment last above mentioned and set forth, and the said bank note in the present indictment first above mentioned and set forth, were held by him, the said Charles Van Keuren, at the same time and place, and under the same circumstances, and with the same want of any guilty knowledge of him, the said Charles Van Keuren, of the same being forged or counterfeited; and with the same innocence of any intention of him, the said Charles Van Keuren, to utter or pass the same as true, or to permit, cause or procure the same to be so uttered or passed, with intent to injure or defraud any person or persons; and that they were in the same parcel, and they were finally taken from his possession on the same occasion and under the same circumstances; and the same were not held by him at any other or different times or places, nor under any other or different circumstances, nor with any knowledge of the same being forged or counterfeited, nor with any other or different intent; and the same were not in any other or different parcel, and were not taken from his possession upon any other or different occasions, nor under any other or different circumstances; and this he is ready to verify. Wherefore, since he, the said Charles Van Keuren, hath already been heretofore acquitted of the offense of forgery aforesaid, he prays judgment, and that by the court he may be dismissed and discharged from the said premises, in the present indictment specified.

HENRY L. CLINTON,
*Of counsel for defendant Van Keuren.*

To this plea the district attorney interposed a demurrer. The prisoner joined in demurrer.

*Henry L. Clinton*, for the prisoner:

The plea of former acquittal, on the facts set forth, is clearly good. The evidence to sustain this indictment was admissible to prove guilty knowledge on the former trial. All the bills found in the possession of the prisoner, at one and the same time, could be given in evidence, on an indictment setting forth any of such bills. With the exception of positive admission of guilty knowledge, the introduction in evidence of other bills than those set forth in the indictment, is usually the principal mode of establishing the *scienter*.

If the material question involved in this might have been the subject of testimony, and might have been passed upon by the jury, on the trial of the former indictment, the defense interposed by the plea of former acquittal is impregnable.

The books are full of cases illustrating this principle. Thus in the case of *The People* v. *Allen* (1 *Park. Cr. R.*, 445), it was held on the trial of an indictment, charging the defendant with having uttered and published, as true, a promissory note made by the defendant, on which the names of certain individuals appearing as indorsers were alleged to have been forged, it was a good defense, under the plea of *autrefois. acquit*, that the defendant had before been indicted and tried for the offense of forging and counterfeiting the same indorsements, and in such previous trial had been acquitted by the verdict of a jury upon the merits, the only controverted question on both trials being whether such indorsements were genuine.

In the case of *The People* v. *McGowan* (17 *Wend. R.*, 386), it was held that a trial and acquittal for robbery was a bar to an indictment for larceny, where the property alleged to have been taken is the same. COWEN, J., in delivering the opinion of the court, observes: " In such cases it is well settled that where the former indictment might have been sustained by showing the offense charged in the second, a *prima facie* case

is made out for the prisoner. It then lies with the people to show by evidence *aliunde* that the offenses are substantially different in point of fact or to give some other answer."

In *The People* v. *Taylor* (3 *Denio R.*, 95), BRONSON, J., upon the subject of what is necessary to be proved on the trial of the plea of former acquittal, observes: "An averment of identity is always necessary both in civil and in criminal cases, where a former trial is pleaded in bar, and when properly pleaded it is enough to show by the record that the pleadings were such in the first case, that the same matter *might have come directly in question on the trial;* and then to show by extrinsic evidence that it did in fact so come in question on the trial." In *State* v. *Commissioners of Fayetzville* (2 *Murphy R.*, 371), it was held that where defendants were bound to keep the streets of an incorporated town in order, and three or four streets are presented on the same day, the defendants should be indicted but once for all; if separate bills be found, on a conviction on one, it might be pleaded in bar to the others.

TAYLOR, Ch. J., in delivering the opinion of the court, holds the following language: "The defendants are bound to keep all the streets of the town in repair, and are liable to an indictment upon every neglect of this duty. But if more than one street is out of repair at the same time this does not multiply the offenses, though the one committed must take its nature and degree from the greater or less negligence with which it is attended. It would be monstrous to charge them with separate indictments for every street in the town, when the whole were out of repair at the same time, especially when upon one indictment a fine can be imposed, adequate to the real estimate of the offense. Were such a doctrine tolerated it is impossible to say where its consequences would end; for then an overseer, whose road is out of repair, might be charged in separate indictments for every hundred yards (why not every yard ?), and be ruined by the costs, when perhaps a moderate fine would atone for the offense. This notion of rendering crimes, like matter, infinitely divisible, is repugnant to the spirit and policy of the law, and ought not to be countenanced.

The People *v.* Van Keuren.

It is the opinion of the court that the plea of *autrefois convict*, relied on by the defendant, is a bar to all the other indictments.

In *State* v. *Cooper* (1 *Green R.*, 361), it was held that a conviction, upon an indictment for arson, is a good plea in bar to an indictment for murder caused by the burning of the same house.

DRAKE, J., in delivering the opinion of the court in this case observes : " It is also a maxim of the common law, that ' no man is to be brought into jeopardy of his life more than once for the same offense.' The constitution of New Jersey adapts and declares this important principle in this form : ' Nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb.' Our courts of justice would have recognized it, and acted upon it as one of the most valuable principles of the common law, without any constitutional provision. But the framers of our constitution have thought it worthy of especial notice, and all who are conversant with courts of justice, and the proceedings in them, must be satisfied that this great principle forms one of the strong bulwarks of liberty ; and that if it be prostrated, every citizen would become liable, if guilty of an offense, to the unnecessary costs and vexation of repeated prosecutions, and if innocent, not only to those, but to the danger of an erroneous conviction from repeated trials." \* \* \* \* \* \* "If in civil cases the law abbors a multiplicity of suits, it is yet more watchful in criminal cases, that the crown shall not oppress the subject, or the government the citizen, by unnecessary prosecutions."

In the case of *State* v. *Benham* (7 *Conn. R.*, 414), it was held that having in one's possession several forged bank notes of different banks at one time, with intent to pass them, and thereby to defraud the person who shall take them, constitute but one offense. And if there be several informations charging that the several bills so held in possession were held with intent to defraud the several banks by which they were issued, as well as the person who should take them, there is still but one offense charged.

The following is the reporter's statement of the case :

This was an information charging the prisoner, Amos Benham, with having in his possession, on the 26th of December, 1828, a forged note or bill of the Troy Bank, with intention to utter and pass the same, and with intention to defraud the said Bank of Troy, and also him or them to whom he should utter or pass the same, knowing it to be forged. To this information the prisoner pleaded a former information filed against him at the same time, for having in his possession a bank note of the Mechanics' Bank of the city of New York, with intent to utter and pass the same, and with intent to defraud the said Mechanics' Bank, and also him or them to whom he should pass the same; upon which last information the plea averred trial had been had and the prisoner found *guilty*, and judgment thereon impends. The plea also averred that the offense charged in the information, upon which the prisoner had been convicted, is the same offense wherewith he is charged in the present information, and that the said bank note specified in that information was held by the prisoner on the said 26th day of December, 1828, at the same time and place, and with the same intent, and with the same knowledge of its being forged, and that it was in the same parcel, and was, finally, taken at the same time from his possession, and was never at any different time in his possession. To this plea there was a demurrer. The court adjudged the plea sufficient. To review that decision the attorney for the State, by motion in error, brought the case before this court.

WILLIAMS, J., in delivering the opinion of the court, says: "The statute upon which this information is founded, enacts: That if any person shall have in possession, or receive from any other person, any forged or counterfeited promissory note or bill for the payment of money, with intention to pass or utter the same, or to permit, cause or procure the same to be uttered or passed, with intention to defraud any person or body politic or corporate, knowing the same to be forged or counterfeited, every such person so offending, being thereof duly convicted, shall suffer punishment, &c.

"The prisoner had in his possession at one time several bank

The People *v.* Van Keuren.

notes or bills of different banks, which were taken from him at one time. He had been tried for having one of them in his possession, and convicted; and the question now is, whether he can be again tried and convicted for passing each of the other notes of the different banks which he had at that time. In other words, is the possession of each bill or note, holden at one and the same time, a distinct offense, and punishable as a distinct crime?   \*   \*   \*   The number may add to the evidence of guilt, but not to the number of offenses. In an action for the penalty of insuring tickets in a lottery, where ten tickets were insured at one and the same time, Lord KENYON held that but one penalty could be recovered.

" This information might have specified each note which the prisoner had in his possession, as was done in several cases cited in *King* v. *Sutton Co.* (*Tem. Hardw.*, 372). Had that been done, it would hardly be claimed that there could have been several punishments. The offense, then, is one and the same offense."

From the report of this case it will be perceived that the statute of Connecticut is substantially similar to ours, and that the precise point relied upon here was there adjudged. The statutory provisions of New York applicable to the subject are as follows:

§ 36. " Every person who shall have in his possession any forged, altered or counterfeit negotiable note, bill, draft or other evidence of debt issued, or purporting to have been issued, by any corporation or company duly authorized for that purpose by the laws of the United States, or of this State, or of any State, government or country, the forgery of which is hereinbefore declared to be punishable, knowing the same to be forged, altered or counterfeited, with intention to utter the same as true or as false, or to cause the same to be so uttered, with intent to injure or defraud, shall, upon conviction, be subject to the punishment herein prescribed for forgery in the second degree." (2 *R. S.*, 674.)

§ 42. " Persons convicted of the different degrees of forgery herein specified shall be punished as follows:

1. Those convicted of forgery in the first degree, by imprisonment in a State prison for a term not less than ten years.

2. Those in the second degree, by a like imprisonment not more than ten and not less than five years." (*Ib.*)

Thus it will be seen that, if the defendant is liable to a conviction on each of the fifteen counterfeit bank bills, taken from his possession at the same time, and under the same circumstances, he might be sentenced to imprisonment in the State prison for one hundred and fifty years! The law is chargeable with no such cruelty.

*J. H. Anthon*, for the People, contended that the plea was bad; that the offenses set forth in the former and present indictments were entirely distinct and different, and that the case of *The People* v. *Benham* (7 *Conn. R.*, 414) was distinguishable from the case at bar, inasmuch as there was a conviction in the former case and an acquittal in the latter case.

*By the Court.* The defendant had in his possession at one time several bank notes or bills of different banks, which were taken from him at the same time. He has been tried for having one of them in his possession and acquitted, and the question arises whether he can be again tried for possessing each of the other notes of the different banks which he had at that time. Is the possession of each bill or note, holden at one and the same time, a distinct offense, and punishable as a distinct crime? I cannot perceive how they could be deemed distinct offenses. Had the defendant uttered or paid away all of the bills found in his possession to one person at the same time, it cannot be claimed that he could be convicted of more than one offense; and yet it is claimed that, having them in his possession, although he never offered to utter them, he may be punished for more than one offense. The act of possessing several notes, found in defendant's possession at the time of his arrest, must be considered as one and the same offense, as much as the act of stealing a number of articles at the same time and place. (*State* v. *Benham*, 7 *Conn. R.*, 417.) This case was decided by the Supreme Court of Errors, in

Connecticut, in a case similar to the one in question, except that in that case the verdict of the jury was that of guilty. A distinction between the two cases was urged by the district attorney on that ground, but I cannot perceive that there is any difference. The pleas of *autrefois acquit* and *autrefois convict* rest upon the same legal principles. The same law applicable to the one is applicable to the other. (*Whar. Am. Cr. Law*, 540.) Judgment must, therefore, be rendered in favor of the defendant and against the People on the demurrer.

SUPREME COURT.    Cayuga Special Term, January, 1860.    Before *Knox*, Justice.